■ RONALD WOODES, Respondent, v MEMORIAL HOSPITAL et al., Defendants, and VIRGILIO C. VICTORIANO, Appellant. (And a Third-Party Action.)—Weiss, J. Appeal from an order of the Supreme Court (Ford, J.), entered July 1, 1988 in Saratoga County, which upon renewal of a prior motion, denied defendant Virgilio C. Victoriano's motion for summary judgment dismissing the complaint and all cross claims against him.

Plaintiff injured his left hand and wrist on February 3, 1982 and a full-arm plaster cast was applied by his orthopedist, defendant Myung H. Kim. When the arm became swollen and painful on February 19, 1982, plaintiff ostensibly was instructed by someone in Kim's office to go to the emergency room at defendant Memorial Hospital where another physician, defendant Virgilio C. Victoriano (hereinafter defendant), was covering for Kim and would meet him. Plaintiff maintains he was advised at Memorial Hospital that defendant was

occupied in surgery and, after considerable delay, was seen by Dr. John Grogan, who he alleges negligently removed the cast causing further injury to the arm.

In this medical malpractice action, plaintiff alleges that defendant was guilty of negligence and malpractice in abandoning and failing to timely treat him as he had agreed to do as Kim's substitute. Supreme Court denied defendant's initial motion for summary judgment dismissing all claims against him but granted a subsequent motion for similar relief to Memorial Hospital.* Thereafter, defendant moved to renew his prior motion for summary judgment, contending that the order of dismissal in favor of Memorial Hospital established, as a matter of law, that no medical malpractice was committed during the time plaintiff was treated at the hospital. Supreme Court granted "renewal" but adhered to its previous determination denying summary judgment to defendant. Defendant has appealed.

Even accepting plaintiff's characterization of defendant's reconsideration motion as one to reargue rather than renew, we perceive no abuse of discretion in Supreme Court's decision to entertain the application. Effectively, Supreme Court determined that Memorial Hospital did not delay in treating plaintiff and that the treatment eventually provided by its employee, Grogan, was not negligent. This ruling, however, does not equate to a comprehensive determination that no malpractice was committed during the relevant time frame. The distinct question remains whether defendant undertook to treat plaintiff and abandoned his obligation as covering physician, causing aggravation to the existing injury *(see, Kavanaugh v Nussbaum,* 71 NY2d 535, 549).

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.

(October 25, 1989)

---

* Supreme Court did dismiss the action against defendant's professional corporation, defendant Virgilio C. Victoriano, M.D., P. C., which was not in existence on the pertinent dates.